Good morning, Your Honor. Stephen Hendricks appearing on behalf of Plaintiff Appellate Wes Garrett, who you know received catastrophic injuries in a single-car truck accident. May I reserve three minutes for rebuttal? Of course, yeah. You probably know this, but the clock counts down. So when it gets to three, that means you've got three minutes left. Thank you, Your Honor. In this insurance coverage dispute, my client is seeking to compel Defendant Respondent New Hampshire Insurance Company to pay for approximately $1.9 million judgment he received in State Circuit Court for his injuries from a $1 million automobile insurance policy and a $5 million excess policy. The policies were issued to comply with Oregon's financial responsibility law. The judgment was taken only after we notified New Hampshire that there was a claim, that we notified New Hampshire after we filed the action, that we notified New Hampshire before we took a default judgment, that we notified New Hampshire after we took a default judgment and before we took a prima facie hearing. At each step of the way, we were told that New Hampshire was relying upon one exclusion in the policy and one exclusion only, and that was the fellow employee exclusion. At no time did New Hampshire provide a defense to the bad driver whose name was Stanley Christopher Baller. So we obtained the judgment and then proceeded with a direct action after they refused to pay the judgment within 30 days. And on cross motions for summary judgment, the district court found the exclusion was valid under the FRL and that it applied in this case. We think the judge erred in two respects. One, we believe that the exclusion goes one step beyond and is not permitted under the FRL for a permissive driver, which is the insured in this case. And even if the exclusion is allowed under Oregon's automobile financial responsibility law, there's still a question of the applicability of the language of the exclusion to the facts of this case. And specifically, the phrase we're looking to see interpreted probably as an issue of fact by the district court is, what does it mean for an employee to be in the course and scope of their employment? I think number one is dispositive. I think if you get to number one, you don't need to get to number two. I've lost your numbers. Which one's one and which one's two? Number one is the FRL and the fact that the exclusion does not comply with Oregon's financial responsibility law. As you know, or ‑‑ Well, but if we agree with you on that point, and I'm not sure I do, but if we were to agree with you on that point, what happens? Does that mean the exclusion falls or does that mean the insurance policy covers up to the necessary level of insurance required by that statute, which isn't very much? No, no, no. The way ‑‑ so under Oregon's financial responsibility, well, first of all, as a preliminary matter, the district court held appropriately that Mr. Baller was a permissive insured under the defendant's policies. Permissive insured or permissive driver? Permissive driver and therefore an insured. And as a permissive driver, therefore, he is responsible. He's legally liable for the personal injuries he committed by his bad driving. Now, as a result of that, the analysis under the financial responsibility law is that you delete those exclusions that are not permissible under the FRL. So in our view, what you have is you have an insurance policy that provides coverage, and he's covered. The exclusion is stricken from the policy, and then there's, therefore, no basis other than to provide the full amount of the policy. You have Oregon case law that says that's the consequence? Well ‑‑ Because that strikes me as odd when the Oregon statute requires a certain level of coverage, but it's quite minimal, and by comparison to the amount of potential liability in this case, almost trivial. Your Honor, the defendant has never asserted anything in this case other than the full amount of the policies are at issue. Okay. But I ask you a different question. Do you have any Oregon case law that says that the consequence of noncompliance with that statute is you strike the exclusion, and, therefore, the full amount of liability up to the policy limits after the exclusion apply? The Oregon case law in this area is very controversial, and there's a couple of cases that are on both sides of this issue, and that's why, because it has not been briefed. Okay. Got it. But I will answer the Court on the merits if you want me to, and I'd be happy to, because what we have is we have a case that holds, which is Collins v. Farmers, which talks about the consequence of what happens when you have an insurance policy that needs to be an exclusion that needs to be stricken. That case was a $100,000 policy, which ended up, the Court held, that $25,000 was all that you got under the FRL. After that was the case of Farmers Insurance v. Maury, which revisited that issue. And what you'll see is the Court, and in the intervening time, by the way, the Oregon legislature has struck down or deleted the exclusion that was relied upon in Farmers v. Collins. Farmers v. Maury revisited the issue and upheld Collins only on the basis of stare decisis. So I think there's still a very open issue in Oregon law as to the consequence of exactly what you're talking about. So our argument is that specifically under Oregon's FRL, the statute 806.080 requires and was changed in 1991 to require coverage for permissive insurance. Therefore, there's a specific set of requirements for anyone who is a permissive insured. Under 806.080.2b, it also has the specific language that there is one exception to coverage required for a permissive insured. And I think it's important that under 806.080 that you notice that the language under the first part is different than the second part. So the first part of 806.080 says it must insure the named insured and all other persons insured under the terms. That's for named insureds. But for permissive insureds, the policy must include coverage. And I think that language is important. So under a straight reading of 806.080b, the policy must include coverage, all persons who, with the consent of the named insured, use the motor vehicle, except for a person specifically excluded under ORS 742.450. I don't think there's any question that Mr. Baller is not excluded under 742.450. There's no issue about that at all. The issue is that what New Hampshire is trying to say is this provision requires coverage, but there's a permissible exclusion in another part of the FRL. My argument is the main reading of the statute just under PGE v. Boley says that says there's one exception, one exception only. I'm supported by that also by the fact that under statutory construction, what's more specific would control rather than what's more general. So let me ask you this. We have the Tenth Circuit that apparently has also dealt with, I guess, an exact similar statute under Wyoming's FRL, the State Farm case. Do you consider that to be on all fours? And if you do, I guess you ask us not to follow the Tenth Circuit, correct? I believe it is on all fours. I ask you not to follow it because Oregon's statutory formulation is, I believe, different than Wyoming's. I don't think their FRL is the same. In what way is it different? I believe that Oregon has said very specifically, if you look at the cases interpreting Oregon's financial responsibility law, including Safeco v. American Hardware, is you look to the language of the Oregon statute itself, what the Wyoming case is based upon primarily is the argument that they make about the purpose of the FRL and whether or not you can have a double recovery or not. And I think that they've turned the Oregon financial responsibility law purpose on its head. The purpose of the FRL is to make sure that people who are victims of car crashes get paid by the bad driver, not that they might or might not get some money from some collateral source. So that's the way I would distinguish the Wyoming case. Well, that's somewhat debatable because you do have the workers' compensation, you know, exclusion under Oregon law, and he is covered by workers' compensation. I guess that's really the sum total of your adversary's argument, that there is specific coverage and you don't need dual coverage necessarily. Correct. And we disagree with that conclusion because under both workers' compensation general law, it's entirely appropriate to have third-party claims. And under the specific language that we have that both the statute, which I've just cited, and I haven't talked about Safeco v. American Hardware, but Safeco v. American Hardware interpreted 806.080 and 742.450 exactly as I'm encouraging and urging this Court to interpret the FRL. So the other thing that they've relied upon — I'm sorry. Do you have a question, Your Honor? No, no, no. I was just taking a deep breath. Okay. So I wanted to bring — I wanted to make a distinction between the statute that they're relying upon, 742.454, and the language that they use out of that is that the FRL allows the exclusion of any liability under workers' compensation law. Now, I've argued that what that means in my brief is that that means that the liability is that of the bad driver. But I didn't give you a statutory contextual analysis, which I think is appropriate also. If you look at the next line of ORS 742.454, it talks about the fact that the insurance policy need not cover any liability of bodily injury or death to an employee of the insured. Now, I did distinguish. Obviously, Wes Garrett, my client, is not an employee of the bad driver, Stanley Baller. But why would there be that second language regarding it is okay to exclude the liability of an employee from the named insured if the liability that he's talking about, liability under workers' compensation law, means what he says it means? The second phrase would become a null and void. It would be a nullity. So I think the other reason to look at 742.454, as I have alleged it is, as I have argued, what that means is it is the liability of the employer to comply with the workers' compensation law, 656.017. So what we have is we have a situation where the statute also does not apply, as he has asserted. I see that I'm at the end of my time, so I'll reserve some. Roberts. No, you're banging on three minutes. Good morning, Your Honors. Don Verfurth representing New Hampshire Insurance Company, the appellee in this matter. As Mr. Hendricks pointed out, there are two issues. One is the first issue, whether or not the fellow employee exclusion is valid under the FRL, and secondly, whether the fellow employee exclusion does exclude coverage for Mr. Baller. Now, I just want to make sure I point out, we're talking about coverage for Mr. Baller. The policy would cover Mr. Baller. To the extent that Mr. Garrett has any benefit from this at all, it comes through the fact that there would be coverage for Mr. Baller if there is indeed. The exclusion reads, There is no coverage for a bodily injury to any fellow employee of the insured arising out of or in the course of the fellow employee's employment or while performing duties related to the conduct of the insured's business. And that would be Warrington Fiber, who was the named insured under the policy. And I do want to just note for the record is that there is also an excess policy, as Mr. Hendricks said. It also has a similar exclusion. And the party stipulated below, when this was brought on a motion for summary policy language, which I just read to you. And as Mr. Hendricks pointed out, he says that under the FRL, as well as under 742.450, that if there is going to be, if someone is going to be not covered under the FLR, they have to be specifically named. But Mr. Garrett ignores ORS 742.454, which excludes coverage for permissive users if they are covered under workers' compensation law. And in Oregon, workers' compensation includes, covers not only the employer, but actually includes the employee. And it's exactly the tort liability of the employer and the employee that is what is covered under workers' comp. Now, Mr. Garrett, in his arguments, or Mr. Hendricks for Mr. Garrett, argues that ORS 742.454, which is, talks about workers' comp, is inconsistent with the earlier statute, 742.450. But that's not true. What 742.450 talks about is who is an insured under the FRL. On the other hand, 742.454 actually limits the coverage for those insureds. So there's not an inconsistency between the two. And it also prevents double recovery. The whole purpose of the FRL was to, as Mr. Hendricks said, protect innocent victims of an automobile accident. And if there's coverage under workers' compensation law, however, there's no reason for them to be covered under the FRL. And here, Mr. Bailey is covered under the workers' compensation, and Mr. Garrett is receiving, maybe continues to receive workers' compensation. And as Judge Fletcher pointed out, is there's not much in the way of FRL coverage. It's actually $25,000. So probably workers' comp is higher than what's required under the FRL. Now, that's why the Tenth Circuit looked at it. And you mentioned, Judge Block, you mentioned the Tenth Circuit case. And they actually wrote that there is no imperative public policy need for automobile liability insurance when the insured party is covered by workers' compensation. And that's exactly the analysis that Judge Hernandez below used. Now, Mr. Hendricks mentioned Safeco v. American Hardware. And that was a case decided by the Oregon Court of Appeals in 2000. And in that case, it dealt with an exclusion in a policy for test drivers at an auto dealership. And the Court said there was no statutory basis for that exclusion. And therefore, since there was no statutory basis for that exclusion, it wasn't valid under the FRL. Certainly, they're not covered by workers' compensation. And that's true. There wasn't anything in the statute that made an exception for test drivers. But interestingly, at page 754 of that decision of the Safeco v. American Hardware, they referenced 742.454 and the exception for workers' comp as a statutory exception to the FRL. So although they were excluded the test drivers, they actually affirmed that those covered by workers' compensation under 742.454 are accepted from the FLR. So if I understand your adversary's position in terms of the State Farm case, the Tenth Circuit case, while the rationale may be comparable in terms of double recovery and they're both covered by workers' compensation, I think he says that the statutory scheme is different, if I hear him correctly. What do you say about that? I don't think it is, Your Honor. I mean, from my reading of the Tenth Circuit case, the statutory scheme was the same. They were – if the person – and if the person is covered under workers' compensation, there's no reason for them to be covered under FLR or FRL, excuse me. So I disagree with Mr. Hendricks that there was a – that there is any difference in the statutory scheme between the two States, between Wyoming and Oregon. Now, Mr. Garrett in his briefing, so Mr. Hendricks argues that, and he didn't bring this up in his argument but I think it's important to address, is that because there was a default judgment against Mr. Baller that workers' compensation is not the exclusive remedy and that somehow that means that the FRL or the exception to the FRL doesn't apply, but whether or not workers' compensation is the exclusive remedy or not doesn't make any difference. There's nothing in 742.454 that says that it has to be the – in order for the exception to apply, that there has to be – it has to be the exclusive remedy. And in fact, the statute says that the insurance subject to the Oregon financial responsibility law need not insure any liability under any workers' compensation law. And Mr. Garrett hasn't put forth any evidence in his pleadings or briefing to support his argument. But I think what's most important with that is that the default judgment obtained by Mr. Garrett is not binding upon this Court. It appears that what Mr. Garrett is arguing is that issue preclusion or collateral estoppel applies and is binding on this Court. But an essential element of issue preclusion or collateral estoppel is that there cannot be the issue below or in the prior action actually be decided or, excuse me, litigated and decided and necessary. Let me make sure I'm following your argument. You're saying that even if there is coverage, it cannot be enforced against you based on what we now have in the judgment? No. What I'm saying is one of the arguments in his briefing that Mr. Garrett makes, Mr. Hendricks makes, is that for somehow the exception 742.454 doesn't apply because workers' comp is not the exclusive remedy to Mr. Baller. And I'm saying here the collateral estoppel and issue preclusion, because he's based I'm sorry, he's basing it on the default judgment. And what I'm saying is issue preclusion and collateral estoppel don't apply to make that finding binding on this Court. So there's no evidence here. There was no transcript produced. There was no exhibits, no pleadings. And, in fact, Mr. Garrett testified or put in his reply brief that the prima facie that resulted in the default judgment was merely for the purposes of damages. And so as this Court, to the extent that this Court even thought that it made any difference whether workers' compensation was the exclusive remedy, there's no evidence in this record that it is not. And that leads us to the second issue, which I think you started to raise, and that is, is assuming that the workers' compensation exception is valid under 742.454, then does the was Judge Hernandez correct that the fellow employee exclusion, which I read a few moments ago, precludes coverage? So, therefore, the question is can that if that exclusion can be in the policy, then does it preclude coverage? And that's where we get into this issue about whether Mr. Baller was in the course and scope of his employment at the time, and actually Mr. Garrett, for that matter. And the law in Oregon is that someone who is commuting to work in a company-owned vehicle is in the course and scope of their employment. The Oregon Supreme Court in 1954 held that a passenger commuting to a job site in a company-owned vehicle is in the course and scope of his employment. And in the facts of that case, I.L. trucking, or I.L. logging, rather, and ours are the same, in both cases the employer provided transportation for the employees, the employees had to use the company-provided transportation, the transportation was provided in lieu of more expensive alternatives, and the passengers weren't being paid. Same thing in 2008 in DeGaia v. Spencer, the Court of Appeals of Oregon, reached a similar situation. Mr. Garrett is receiving workers' comp. The workers' comp has already decided that Mr. Baller was in the course and scope of his employment. With my remaining time, I wanted to mention that the couple of things is Mr. Garrett says that the language of the fellow employee exclusion has to be ambiguous because it doesn't meet the reasonable expectations analysis of ordinary insurance carrier. Again, he didn't mention it in his opening, but he mentions it prominently in his briefing. But that's not the law of the State of Oregon. State of Oregon law is that you look at the intent of the parties. And actually, Mr. Garrett in his arguments has, or in his briefing, has it wrong because it's the reverse. It's only if there's been a determination that the policy language is ambiguous after you've gone through the intent of the parties analysis that you get to the reasonable expectations analysis. And here, Judge Hernandez did exactly what he was supposed to do. He looked at the intent of the parties. And there was no evidence whatsoever that any party to the contract, which would be Warrington Fiber and New Hampshire Insurance Company, not Mr. Garrett, but just New Hampshire and Warrington, there's no evidence that they had any intention that the language should be construed in any way other than what Judge Hernandez has construed. The only thing that Mr. Garrett in his briefing argues is that the language or rather the holdings of I.L. Logging and De Haya, and that analysis that they went through, is inconsistent with Federal wage and hour laws. But as Judge Hernandez pointed out, Federal and State wage and hour laws doesn't impact what the intent of the parties was with regard to this very clear, clear language in the course and scope of the employment. And I think it's also important to point out that this Court in Alexander Manufacturing v. Illinois Union and the Oregon Court of Appeals in the Magee v. Dry Hall, Dry Doll case was found that it's appropriate to look at case law to determine the intent of the parties. Okay. Thank you. We'll wait for Judge Block to return and we'll then hear your rebuttal. Thank you.
judges: Block, Trott, Fletcher